FILED

2008 Oct-29  PM 05:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **STACY F. BROWN,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )   **Civil Action No.:** |
| | ) |
| **TRANS UNION, LLC,** | ) |
| | ) |
| **Defendant.** | ) |

## COMPLAINT

**COMES NOW** the Plaintiff, by and through counsel, in the above styled cause, and for Plaintiff's Complaint against the Defendant states as follows:

## Jurisdiction & Venue

1. This is an action brought by a consumer for violations of the Fair Credit Reporting Act[1] (15 U.S.C. § 1681 et seq. [hereinafter "FCRA"]. Therefore, subject matter jurisdiction exists under 28 U.S.C. Section 1331.

2. This action is also brought under Alabama state law. These claims are brought under 28 U.S.C. Section 1332 as there exists complete

---

[1] Any reference the FCRA or any part thereof encompasses all relevant parts and subparts thereto.

diversity and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000), exclusive of costs and interests.

3.      The state law claims are also properly before this court based upon supplemental jurisdiction under 28 U.S.C. Section 1367 as the state law claims form part of the same case or controversy as the federal claims as they are based upon substantially similar and overlapping facts.

4.      Venue is proper in this Court under 28 U.S.C. Section 1391(b) as the events took place in this Judicial District and the Defendant resides in this Judicial District as Defendant is subject to personal jurisdiction in this Judicial District.

## Parties

5.      The Plaintiff, Stacy F. Brown[2] ("Plaintiff Brown"), is a natural person who resides within this Judicial District.

6.      Defendant Trans Union, LLC ("Defendant" or "Trans Union") is a foreign company (incorporated in Delaware) that engages in the business of maintaining and reporting consumer credit information and does business in this Judicial District.  Its principal place of business is the State of Illinois and it is incorporated in Delaware.

---

[2] Plaintiff is also known as Stacy Finkle Brown.

## **Factual Allegations**

7.      In July 2008, LVNV Funding, LLC, (hereinafter "LVNV") sued Plaintiff[3] in the District Court of Blount County, Alabama, with a case number of DV-2008-139.

8.      In this suit, LVNV asserted it was the owner of a certain debt allegedly owed by Plaintiff Brown.

9.      Plaintiff Brown filed an Answer denying the allegations of LVNV.

10.     The state court set the case for trial.  Notice was sent to LVNV and Plaintiff Brown.

11.     At all times Plaintiff Brown was prepared for trial.

12.     The court dismissed the case with prejudice against Plaintiff Brown on September 16, 2008.

13.     Plaintiff Brown did not and does not owe this money to LVNV.

14.     Plaintiff Brown is a "consumer" as defined by the FDCPA and FCRA.

15.     After the victory at trial, Plaintiff Brown sent a letter to Defendant Trans Union, requesting an investigation of the LVNV's account that still appeared on Plaintiff Brown's credit report.

16.     Plaintiff Brown requested that the LVNV's account be deleted, as Plaintiff Brown did not owe it.

---

[3] Plaintiff's name was misspelled Stacy Findle.

17.   Defendant Trans Union was not concerned and did not care about what the state court did in the case as Defendant Trans Union did not intend to perform a reasonable investigation.

18.   Defendant Trans Union did not perform any type of reasonable investigation.

19.   Defendant failed to properly investigate these disputes as if Defendant Trans Union had properly investigated, the LVNV account would have been deleted.

20.   On October 10, 2008 and October 16, 2008, Defendant Trans Union issued its results of investigation, which show the LVNV's account with a balance due and that it is a collection account.

21.   Defendant was provided with more than sufficient information in the disputes and in its own internal sources of information to conduct an investigation and to conclude that the account complained of was being reported incorrectly.

22.   The Defendant Trans Union has previously proclaimed that it is obligated to rely upon whatever the public records state about a consumer.

23.   For example, had Plaintiff Brown lost the suit and a judgment was entered in favor of LVNV, and Plaintiff Brown disputed with

Defendant Trans Union, Plaintiff Brown would have been told by Defendant Trans Union that it was bound by the state court judgment which says Plaintiff Brown owes the money.

24. This same Defendant Trans Union, however, <u>refused</u> to rely upon what the state court judge actually said – a dismissal with prejudice in favor of Plaintiff Brown which is an adjudication of the merits.

25. The ruling in favor of Plaintiff Brown means Plaintiff Brown does not owe the money claimed by LVNV.

26. The state court ruling was a final judgment on the merits.

27. This final judgment was not appealed.

28. There is no avenue for appeal for LVNV of this judgment as the time to appeal has long since passed.

29. Despite this knowledge, Defendant Trans Union has completely abdicated its obligations under federal and state law and has instead chosen to merely "parrot" whatever its customer, LVNV, has told it to say.

30. Defendant Trans Union has a policy to favor the paying customer, in this situation LVNV, rather than what the consumer or the state court says about a debt.

31.   The primary reason for this wrongful policy is that furnishers in general, and debt collectors specifically, provide enormous financial rewards to Defendant Trans Union.

32.   The importance of keeping balances on credit reports is that the Defendant Trans Union understands that one of the most powerful methods furnishers (and debt collectors) have to wrench payment from a consumer is by placing accounts with balances on the consumer's credit reports.

33.   Defendant Trans Union maliciously, willfully, intentionally, recklessly, and/or negligently failed to review the information provided in the disputes and that was already in its files and to conduct a reasonable investigation on Plaintiff Brown's disputes, which led as a direct result and consequence to the Defendant Trans Union either failing to delete information found to be inaccurate, failing to replace the inaccurate information with accurate information, and/or reinserting the information without following the dictates of the FCRA.

34.   At all relevant times the Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum

possible accuracy of Plaintiff Brown's credit report, concerning the account in question, violating 15 U.S.C. § 1681e(b) and state law.

35.    The Defendant Trans Union has failed to maintain Plaintiff Brown's account with maximum accuracy and Defendant Trans Union has failed to properly investigate the account in response to the disputes made by Plaintiff Brown.

36.    The conduct of the Defendant Trans Union has proximately caused Plaintiff Brown past and future monetary loss, past and future damage to Plaintiff Brown's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages that will be presented to the trier of fact.

37.    It is a practice of the Defendant Trans Union to maliciously, willfully, recklessly, wantonly and/or negligently ignore and refuse to follow the requirements of the FCRA and state law.

38.    Defendant knew its conduct was wrong.

39.    For example, Defendant Trans Union has been sued multiple times in this district for this identical misconduct.

40.    All actions taken by employees, agents, servants, or representatives of any type for the Defendant Trans Union was taken in the line and

scope of such individuals (or entities') employment, agency or representation.

41.   All actions taken by the Defendant Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Brown and/or with the knowledge that their actions would very likely harm Plaintiff Brown and/or that their actions were taken in violation of the FCRA and/or state law and/or that it knew or should have known that its actions were in reckless disregard of the FCRA and/or state law.

42.   Defendant Trans Union has engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports and as such Defendant Trans Union is subject to punitive damages and statutory damages and all other appropriate measures to punish and deter similar future conduct by this Defendant and similar companies.

## FIRST CLAIM FOR RELIEF
## Violating the Fair Credit Reporting Act

43.   All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

44.   Defendant Trans Union is a "consumer reporting agency," as codified at 15 U.S.C. § 1681a(e).

45.   LVNV is an entity who, regularly and in the course of business, furnishes information to one or more consumer reporting agencies about its transactions or experiences with any consumer and therefore constitutes a "furnisher," as codified at 15 U.S.C. § 1681s-2.

46.   Plaintiff Brown notified Defendant Trans Union directly of a dispute on the LVNV account's completeness and/or accuracy, as reported.

47.   Defendant Trans Union failed to delete information found to be inaccurate, reinserted the information without following the FCRA, or failed to properly investigate Plaintiff Brown's disputes.

48.   Plaintiff Brown alleges that at all relevant times Defendant Trans Union failed to maintain and failed to follow reasonable procedures to assure maximum possible accuracy of Plaintiff Brown's credit report, concerning the accounts in question, violating 15 U.S.C. § 1681e(b).

49.   Plaintiff Brown alleges that Defendant Trans Union failed to conduct a proper and lawful reinvestigation.  For example, Defendant Trans Union was given notice that the suit was tried with the Plaintiff Brown winning the case, but Defendant apparently failed to review the court file or contact the court or contact counsel for LVNV.  Other examples will become apparent once discovery is commenced.

50.     All actions taken by the Defendant Trans Union were done with malice, were done willfully, and were done with either the desire to harm Plaintiff Brown and/or with the knowledge that its actions would very likely harm Plaintiff Brown and/or that its actions were taken in violation of the FCRA and state law and/or that knew or should have known that its actions were in reckless disregard of the FCRA and state law.

51.     All of the violations of the FCRA proximately caused the injuries and damages set forth in this Complaint.

## SECOND CLAIM FOR RELIEF
### State Law Claims

52.     All paragraphs of this Complaint are expressly adopted and incorporated herein as if fully set forth herein.

53.     Defendant Trans Union intentionally published false and defamatory information related to the LVNV account.

54.     Defendant Trans Union acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Brown as set forth in this Complaint.  This includes the initial reporting of LVNV account; the handling of any investigations on the accounts; and all other aspects as set forth in this Complaint.

55.    Defendant Trans Union assumed a duty to accurately report the balances and account.

56.    Defendant Trans Union violated all of the duties the Defendant Trnas Union had and such violations were made intentionally, willfully, recklessly, maliciously, wantonly, and negligently.

57.    It was foreseeable, and Defendant Trans Union did in fact foresee it, that refusing to properly update and investigate would cause the exact type of harm suffered by the Plaintiff Brown.

58.    Defendant Trans Union acted with negligence, malice, wantonness, recklessness, and/or intentional conduct in their dealings with and about Plaintiff Brown as set forth in this Complaint.  This includes the initial reporting of the accounts; the intentional refusal to properly update the accounts; and all other aspects as set forth in this Complaint.

59.    Defendant Trans Union invaded the privacy of Plaintiff Brown as set forth in Alabama law, including publishing false information about Plaintiff Brown's personal financial obligations.

60.    Defendant Trans Union acted with intentional, reckless, or wanton conduct in reporting this false information.

61.   Such negligence, malice, wantonness, recklessness, willfulness, and/or intentional conduct proximately caused the damages set forth in this complaint and such conduct occurred before, during and after the disputes to the CRAs.

62.   As a result of this conduct, action, and inaction of Defendant Trans Union, Plaintiff Brown has suffered damage as set forth in this Complaint.

## RELIEF SOUGHT

WHEREFORE, Plaintiff Brown respectfully prays that judgment be entered against the Defendant for the following:

A.   An award of statutory, actual, compensatory and punitive damages, and costs of the action including expenses, together with reasonable attorney's fees.

B.   Plaintiff Brown also requests all further relief to which Plaintiff Brown is entitled under Federal or State law, whether of a legal or equitable nature.

Respectfully Submitted,

/s/ John G. Watts
**John G. Watts ASB-5819-T82J**
**Attorney for Plaintiff**

**OF COUNSEL:**
Watts Law Group, PC
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 879-2447
(888) 522-7167 *facsimile*
john@wattslawgroup.com

/s/ M. Stan Herring
**M. Stan Herring ASB-1074-N72M**
**Attorney for Plaintiff**

**OF COUNSEL:**
M. Stan Herring, P.C.
700 29th Street South
Suite 201
Birmingham, Alabama 35233
(205) 714-4443
(888) 522-7167 *facsimile*
msh@mstanherringlaw.com

**PLAINTIFF DEMANDS A TRIAL BY JURY IN THIS CAUSE.**

/s/ John G. Watts
**Attorney for Plaintiff**

**Serve defendant via certified mail at the following addresses:**

Trans Union, LLC
Prentice-Hall Corporation System Inc
150 S. Perry St.
Montgomery, AL  36104